**IMG-177**                                                              **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-2135
_____

XUEQIENG LIN,
                                          Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
                                   Respondent

_____

On Petition for Review of an Order
of the Board of Immigration Appeals
Agency No. A099 670 340
Immigration Judge:  Eugene Pugliese

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 21, 2010
Before: FUENTES, ROTH and VAN ANTWERPEN, Circuit Judges

(Opinion filed: April 21, 2010)
_____

OPINION
_____

PER CURIAM

Xueqieng Lin petitions for review of an order of the Board of Immigration Appeals

("BIA").  For the reasons below, we will deny the petition for review.

Lin, a native of China, entered the United States in April 2006.  He was charged as

removable as an alien who entered without being admitted or paroled. See Immigration and Nationality Act ("INA") § 212(a)(6)(A)(i) [8 U.S.C. § 1182(a)(6)(A)(i)]. He conceded removability and applied for asylum, withholding of removal, and relief under the United Nations Convention Against Torture ("CAT"). In his asylum application, he stated that his wife had been forcibly sterilized, and that after he left for the United States, his wife also had to pay a 30,000 RMB fine.

After Lin filed his asylum application, but before his hearing before the Immigration Judge ("IJ") took place, the Attorney General decided in Matter of J-S-, 24 I. & N. Dec. 520 (A.G. 2008), holding that an alien whose spouse had experienced coercive population measures would not automatically be eligible for asylum. However, such an alien could still qualify for asylum if he showed he had been persecuted for his own resistance to China's population policy.

In a hearing before the IJ, Lin testified that when officials came to take his wife to be sterilized, he tried to stop them. He testified that the officials kicked and punched him and forced him to the ground for ten minutes. A.R. 105-06. After they took his wife away, they let him go. He did not seek medical treatment afterwards. A.R. 108.

The IJ denied Lin's applications, concluding that he was not credible. The IJ noted that Lin had not mentioned anything about his physical confrontation with population officials in his asylum application, and when he was asked why he omitted it, he only replied that he left it out because he had not sought medical treatment. On appeal, the BIA

2

found no clear error in the IJ's adverse credibility finding. The BIA also stated that even if credible, Lin could not base his own asylum claim on the forced sterilization of his wife, and that the harm Lin allegedly suffered as a result of other resistance to China's family planning policies was not so severe as to amount to persecution under the Act. The BIA also rejected Lin's claim for withholding and relief under the CAT. Lin filed a timely petition for review.

We have jurisdiction pursuant to INA § 242 [8 U.S.C. § 1252]. Because the BIA independently assessed the record, we review only the BIA's final order of removal. See Ezeagwuna v. Ashcroft, 325 F.3d 396, 405 (3d Cir. 2003). We use a substantial evidence standard to review factual findings, Tarrawally v. Ashcroft, 338 F.3d 180, 184 (3d Cir. 2003), including findings concerning an applicant's past persecution or "well-founded fear of future persecution," Gao v. Ashcroft, 299 F.3d 266, 272 (3d Cir. 2002). Under the substantial evidence standard, findings are upheld "unless the evidence not only supports a contrary conclusion, but compels it." Abdille v. Ashcroft, 242 F.3d 477, 484 (3d Cir. 2001). We review the BIA's legal conclusions de novo. See Briseno-Flores v. Att'y Gen., 492 F.3d 226, 228 (3d Cir. 2007).

An applicant may demonstrate eligibility for asylum by showing either past persecution or a well-founded fear of future persecution on account of race, religion, nationality, membership in a particular social group, or political opinion. See INA § 101(a)(42)(A) [8 U.S.C. § 1101(a)(42)(A)]. Significantly, "persecution connotes

3

extreme behavior, including threats to life, confinement, torture, and economic restrictions so severe that they constitute a threat to life or freedom." Ahmed v. Ashcroft, 341 F.3d 214, 217 (3d Cir. 2003) (quotations omitted). It "does not include all treatment that our society regards as unfair, unjust, or even unlawful or unconstitutional." Id. (quotation omitted).

The spouses of those who have been persecuted by coercive population control policies are not automatically eligible for asylum. Lin-Zheng v. Att'y Gen., 557 F.3d 147 (3d Cir. 2009) (en banc) (holding that there is no automatic refugee status for spouses of individuals subjected to coercive population control policies). Based on the statutory definition of "refugee" under INA § 101(a)(42) [8 U.S.C. § 1101(a)(42)], we concluded in Lin-Zheng that refugee status extends only to the individual who had been subjected to an involuntary abortion or sterilization procedure, had been persecuted for failing or refusing to undergo such a procedure, or had a well-founded fear of such persecution in the future. See id. at 156. Lin implicitly acknowledges this, but argues that he established past persecution based on his own resistance to China's family planning policy. See id. at 157 (noting that spouses remain eligible for relief if they qualify as a refugee under § 101(a)(42) based upon their own persecution, or well-founded fear of persecution, for "other resistance" to a coercive population control program). As evidence of persecution, Lin points to the fine, his beating, and psychological harm brought on by his wife's sterilization.

4

We agree with the BIA that even if credible, Lin has not established eligibility for asylum. While Lin's attempt to stop population officials from taking his wife away likely constitutes "other resistance," the record does not compel a finding that his experiences based on that resistance rise to the level of persecution. The beating Lin described was not sufficiently severe to constitute persecution, particularly where he did not require medical treatment. See Kibinda v. Att'y Gen., 477 F.3d 113, 119-20 (3d Cir. 2007) (holding that a single detention and beating requiring a few stitches and leaving a scar was not "severe enough to constitute persecution under our stringent standard."). Lin claims his wife paid a fine of 30,000 RMB after he left China. He alleges in his brief that the fine amounted "to the deprivation of economic means to survival." Petitioner's Brief at 17. However, he does not explain how the fine affected him personally, nor does he even explain any problems his family experienced from paying the fine. See Li v. Att'y Gen., 400 F.3d 157, 168 (3d Cir. 2005) (in order for a fine to constitute persecution, it must be so onerous that it threatens life or freedom). Lin also alleged that he was "devastated" as a result of his wife's forced sterilization. "[A] finding of past persecution might rest on a showing of psychological harm." Ouk v. Gonzales, 464 F.3d 108, 111 (1st Cir. 2006). But, even assuming that a spouse's emotional suffering remains a cognizable basis for asylum following Lin-Zheng, 557 F.3d at 156, we conclude that the record here does not establish that Lin suffered psychological harm rising to the level of persecution. See Jiang v. Gonzales, 500 F.3d 137, 141-43 (2d Cir. 2007) (finding no past persecution where forced

abortion resulted in illness and diminished health to petitioner's mother, imposing

"anguish . . . and . . . economic loss" to him).

Because Lin cannot satisfy the asylum standard, he cannot satisfy the more difficult

withholding of removal standard.  See Zubeda v. Ashcroft, 333 F.3d 463, 469-70 (3d Cir.

2003).[1]  For the above reasons, we will deny the petition for review.

---

[1] Lin has waived any challenge to his claim that he warrants protection under the CAT
as he did not raise any arguments regarding his CAT claim in his opening brief.  Chen v.
Ashcroft, 381 F.3d 221, 235 (3d Cir. 2004).